IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLAUDIO FARIASANTOS, on behalf of
himself and all others similarly situated,

        Plaintiff,

v.                                          Civil Action No. 3:13CV543

ROSENBERG & ASSOCIATES, LLC,

        Defendant.

**F I L E D**

**MAR 1 0 2014**

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

### MEMORANDUM OPINION

This matter is before the Court on defendant Rosenberg & Associates, LLC's ("Rosenberg" or "Defendant") MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT (Docket No. 8)("Motion to Dismiss"). For the reasons set forth herein, the motion will be denied.

### PROCEDURAL BACKGROUND

Plaintiff, Claudio Fariasantos ("Fariasantos" or "Plaintiff"), on behalf of himself and all others similarly situated, brought this action against Defendant alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("the FDCPA"). An answer and the present Motion to Dismiss were filed by Rosenberg. Fariasantos responded, Rosenberg filed a reply, and this matter is ripe.

## FACTUAL ALLEGATIONS
## AND CLAIMS AGAINST THE DEFENDANT

At this stage, the Court, as it must, "accept[s] all well-pleaded allegations in the plaintiff's complaint as true and draw[s] all reasonable factual inferences from those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); see also Trulock v. Freeh, 275 F.3d 391, 399 (4th Cir. 2001)(same). "The record on a motion to dismiss includes 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" Pham v. Bank of N.Y., 856 F. Supp. 2d 804, 812 n.10 (E.D. Va. 2012) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)). With that in mind, the facts, which are derived from the Class Action Complaint (Docket No. 1)("Class Compl."), and Exhibit A to the Class Action Complaint, are alleged to be as set forth below.

Fariasantos alleges that Rosenberg violated the FDCPA "by using a form collection letter to make false and unintended threats to file civil actions in court in connection with the collection of home loan debt, and by compounding this misrepresentation by misdisclosing the FDCPA's cornerstone thirty day validation notice rights notice [sic] to Plaintiff and the class of consumers whom he represents by failing to make an accurate and truthful disclosure of the Act's 1692g(a)(3)

2

provision that:   'unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid <u>by the debt collector</u>.' (Emphasis added)." (Class Compl. ¶ 1.)

Fariasantos is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3). (<u>Id.</u> at ¶ 3.)   Rosenberg, a law firm with the principal purpose of collecting debts, is a debt collector within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). (<u>Id.</u> at ¶¶ 4-5.)

On or about December 4, 2012, Rosenberg mailed Fariasantos a letter, described as a "dunning letter." (<u>Id.</u> at ¶ 12 & Ex. A.)("Defendant's Letter").   "A 'dunning letter' is a letter demanding payment of a debt - i.e., a collection notice." <u>Bicking v. Law Offices of Rubenstein and Cogan</u>, 783 F. Supp. 2d 841, 842 n.1 (E.D. Va. 2011). (<u>Id.</u> at ¶ 12, n.3.)   Defendant's Letter, which was the first written communication by Rosenberg to Fariasantos, states that "Fariasantos borrowed money from Branch Banking and Trust Company and executed a Deed of Trust and Note secured by the above referenced property," referring to 2307 Raymond Court, Richmond, VA 23228. (<u>Id.</u> at ¶ 26 & Ex. A). Defendant's Letter also states: "Branch Banking and Trust Company ["BB&T"] has referred the loan to this office for legal action based upon a default under the terms of the loan agreement." (<u>Id.</u> at Ex. A.)   The Class Complaint alleges that

3

Defendant's Letter "stated that the Defendant had been instructed to initiate foreclosure proceedings on Plaintiff's home." (Id. at ¶ 12.) (The Letter, in fact, did not make that precise statement.)    The Class Complaint alleges that Defendant's Letter also stated: "Unless you dispute this debt or any part thereof, within 30 days after receiving this notice, the debt will be assumed as valid." (Id. at ¶ 28.)   The Letter, in fact, did not make that precise statement but it does state: "If within thirty (30) days from receipt of this letter you fail to dispute all or part of the debt, the amount recited herein will be assumed as valid."   Defendant's Letter also states, on the second page and in the final sentence of the body of the letter: "Your failure to contest the validity of the debt under the Act may not be construed by any Court as an admission of liability." In between the initial language about the assumption of debt and the final sentence was additional language about contesting the debt and providing written notice of a dispute.[1]

---

[1]  The relevant sections of Defendant's Letter read: "If within thirty (30) days from receipt of this letter you fail to dispute all or part of the debt, the amount recited herein will be assumed as valid. If you notify this office in writing within the thirty (30) day period that the debt or any portion thereof is disputed, this office will obtain verification of the debt and a copy of such verification will be mailed to you. Upon your written request within the thirty (30) day period, this office will provide the name and address of the original creditor if different from the current creditor. [New paragraph] If you notify this office in writing within the thirty (30) day period, that the debt or any portion thereof is disputed or request the

Virginia is a "nonjudicial foreclosure state," and thus, "foreclosure in Virginia does not require judicial intervention." (Id. at ¶ 16.) BB&T did not refer plaintiff's loan to Rosenberg for Rosenberg to file a lawsuit against plaintiff, and Rosenberg did not intend to file a lawsuit against plaintiff. (Id. at ¶¶ 18-19.)

Counts I, II, and III reflect federal claims brought for alleged violations of the FDCPA. Count I alleges:

> By threatening to file civil actions in court in connection with the collection of home loan debt when it had no intent to file civil actions in court in connection with the collection of home loan debt, Defendant made the threat to take action that was not intended to be taken, and in so doing violated 15 U.S.C. § 1692e(5).

(Id. at ¶ 48.)  Count II alleges:

> By threatening to file civil actions in court in connection with the collection of home loan debt when it had no intent to file civil actions in court in connection with the collection of home loan debt, Defendant used false representation or deceptive means to collect or attempt to collect home loan debt, and in so doing violated 15 U.S.C. § 1692e(10).

(Id. at ¶ 51.)  Count III alleges:

---

name and address of the original creditor, we shall cease collection of the debt until we obtain verification of the debt or ascertain the name and address of the original creditor. A copy of such debt verification and/or name and address of the original creditor will be mailed to you. [New paragraph] Your failure to contest the validity of the debt under the Act may not be construed by any Court as an admission of liability."

> By failing to include "by the debt
> collector" or similar language in the
> required § 1692g(3) component of the thirty
> day validation notice disclosure, Defendant
> failed to proved [sic] the required
> Validation Notice and it [sic] so doing
> violated 15 U.S.C. § 1692g.

(Id. at ¶ 54.)

The motion is ripe for review. The Court finds that the facts and legal contentions are adequately presented in the materials before the Court and that oral argument would not aid the decisional process.

## LEGAL STANDARD

The purpose of a motion made pursuant to Fed. R. Civ. P. 12(b)(6) is "to test the legal sufficiency of the complaint." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Courts should assume the veracity of all well-pleaded allegations in a complaint, and should deny a motion to dismiss where those well-pleaded allegations state a plausible claim for relief. Id. at 679. A claim is "plausible" when the plaintiff pleads facts sufficient to allow the court to draw the

6

reasonable inference that the defendant is liable for the alleged misconduct. <u>Twombly</u>, 550 U.S. at 556. A court should grant a motion to dismiss, however, where the allegations are nothing more than legal conclusions, or where they permit a court to infer no more than a possibility of misconduct. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678-79.

"To prevail on an FDCPA claim, a plaintiff must allege that: (1) he or she was the object of collection activity arising from a consumer debt as defined by the FDCPA; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA, such as using a false, deceptive, or misleading representation or means in connection with the collection of any debt." <u>Goodrow v. Friedman & MacFadyen, P.A.</u>, No. 3:11cv020, 2013 WL 3894842, at *6 (E.D. Va. July 26, 2013)(internal citations omitted).

The Fourth Circuit recently confirmed that, as to the third element of an FDCPA claim, in order "to plead a claim of false representation under the FDCPA, the party must show that the representations are material." <u>Lembach v. Bierman</u>, 528 F. App'x 297, 303 (4th Cir. 2013). In <u>Lembach</u>, the United States Court of Appeals for the Fourth Circuit examined decisions from other circuits and concluded that if a statement would not mislead the unsophisticated consumer, then it does not violate the FDCPA –

even if it is false in some technical sense. In other words, a statement cannot mislead unless it is material. 528 F. App'x at 302-04. The fraudulent signatures in the Lembach case were determined not to be material "because they have no connection to the debt at issue." Id. at 303.

In 2012, this Court explained materiality as follows:

> [I]n order for a false statement to violate the FDCPA, it must affect a consumer's ability to make intelligent decisions with respect to the alleged debt. This is an appropriate requirement not only because materiality is "an ordinary element of any federal claim based on a false or misleading statement," but also because the purpose of the FDCPA is to ensure consumers are able to make intelligent decisions and "by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)."

Penn v. Cumberland, 883 F. Supp. 2d 581, 589 (E.D. Va. 2012)(quoting Hahn v. Triumph Partnerships LLC, 557 F.3d 755, 757 (7th Cir. 2009)).

In the Fourth Circuit, the "least sophisticated consumer" standard is applied in evaluating FDCPA claims. United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 138 (4th Cir. 1996); Lembach, 528 F. App'x at 302 (citing Nat'l Fin. Servs.). "While protecting naïve customers," the "least-sophisticated-consumer" standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by

8

preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." <u>Nat'l Fin. Servs.</u>, 98 F.3d at 136.   Moreover, "[a]lthough naïve, the least sophisticated debtor is not 'tied to the very last rung of the intelligence or sophistication ladder.'" <u>Johnson v. BAC Home Loans Servicing</u>, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011)(quoting <u>Gonzalez v. Kay</u>, 577 F.3d 600, 603 (5th Cir. 2009)).

> Furthermore, whether an initial communication violates § 1692g(a) under the least sophisticated consumer test is guided by two additional principles. First, there is no requirement that a debt collector quote the language of § 1692g(a) verbatim. Second, the communications must be examined as whole, not sentence-by-sentence, because the least sophisticated consumer standard "does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety." <u>Campuzano-Burgos v. Midland Credit Mgmt.</u>, 550 F.3d 294, 298-99 (3d Cir. 2008).

<u>Vitullo v. Mancini</u>, 684 F. Supp. 2d 747, 756 & n.11 (E.D. Va. 2010)(also citing <u>Greco v. Trauner, Cohen & Thomas, L.L.P.</u>, 412 F.3d 360, 365-66 (2d Cir. 2005) (finding no violation although statutory language was not used verbatim); <u>Jang v. A.M. Miller & Assocs.</u>, 122 F.3d 480, 484 (7th Cir. 1997) (finding no violation where "letters tracked the required statutory language <u>nearly</u> verbatim" (emphasis added)).

Under the "least sophisticated consumer" standard, "a statement is false or misleading if 'it can be reasonably read to have two or more meanings, one of which is inaccurate.'" Goodrow v. Friedman & MacFadyen, P.A., 788 F. Supp. 2d 464, 472 (E.D. Va. 2011)(quoting Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006)(citation omitted)). "The test requires a court to consider a statement's 'capacity ... to mislead,' such that 'evidence of actual deception is unnecessary.'" Id. (quoting Nat'l Fin. Servs., 98 F.3d at 139). Moreover, as noted previously, the statement must affect a consumer's ability to make intelligent decisions with respect to the alleged debt.

## DISCUSSION

### Relevant Statutory Provisions

The Fair Debt Collection Practices Act provides, in relevant part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>    ***
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>    ***
>
> (10) The use of any false representation or deceptive means to collect or attempt to

collect any debt or to obtain information
concerning a consumer.

15 U.S.C.A. § 1692e.

Section 1692g provides in relevant part:

(a)   Notice of debts; contents

Within five days after the initial
communication with a consumer in connection
with the collection of any debt, a debt
collector shall, unless the following
information is contained in the initial
communication or the consumer has paid the
debt, send the consumer a written notice
containing--
(1) the amount of the debt;
(2) the name of the creditor to whom the
debt is owed;
(3) a statement that unless the consumer,
within thirty days after receipt of the
notice, disputes the validity of the debt,
or any portion thereof, the debt will be
assumed to be valid by the debt collector;
(4) a statement that if the consumer
notifies the debt collector in writing
within the thirty-day period that the debt,
or any portion thereof, is disputed, the
debt collector will obtain verification of
the debt or a copy of a judgment against the
consumer and a copy of such verification or
judgment will be mailed to the consumer by
the debt collector; and
(5) a statement that, upon the consumer's
written request within the thirty-day
period, the debt collector will provide the
consumer with the name and address of the
original creditor, if different from the
current creditor.

(b)   Disputed debts

If the consumer notifies the debt collector
in writing within the thirty-day period
described in subsection (a) of this section
that the debt, or any portion thereof, is

disputed, or that the consumer requests the
name and address of the original creditor,
the debt collector shall cease collection of
the debt, or any disputed portion thereof,
until the debt collector obtains
verification of the debt or a copy of a
judgment, or the name and address of the
original creditor, and a copy of such
verification or judgment, or name and
address of the original creditor, is mailed
to the consumer by the debt collector.
Collection activities and communications
that do not otherwise violate this
subchapter may continue during the 30-day
period referred to in subsection (a) of this
section unless the consumer has notified the
debt collector in writing that the debt, or
any portion of the debt, is disputed or that
the consumer requests the name and address
of the original creditor. Any collection
activities and communication during the 30-
day period may not overshadow or be
inconsistent with the disclosure of the
consumer's right to dispute the debt or
request the name and address of the original
creditor.

(c) Admission of liability

The failure of a consumer to dispute the
validity of a debt under this section may
not be construed by any court as an
admission of liability by the consumer.

15 U.S.C.A. § 1692g.


Counts I and II

Rosenberg argues that the Class Complaint fails to state a

viable FDCPA claim. In Count I, Fariasantos alleges a violation

of § 1692e(5) which prohibits "[t]he threat to take any action

that cannot legally be taken or that is not intended to be

taken." In Count II, Fariasantos alleges a violation of §
1692e(10) which prohibits "[t]he use of any false representation
or deceptive means to collect or attempt to collect any debt or
to obtain information concerning a consumer." Fariasantos
alleges that the use of the words "legal action" in the Letter
violates §§ 1692e(5) & (10) because Rosenberg in fact intended
only to pursue a non-judicial foreclosure and not a lawsuit.

Rosenberg argues that Counts I and II fail as a matter of
law because the Letter does not threaten a lawsuit and does not
use false or deceptive means to collect a debt. However,
dunning letters can violate the FDCPA even if the language in
the letters is not overtly or explicitly false, threatening, or
deceptive.

In Morgan v. Credit Adjustment Bd., the Court held that a
collection notice violates § 1692e(5) if "(1) a debtor would
reasonably believe that the notice threatens legal action; and
(2) the debt collector does not intend to take legal action."
999 F. Supp. 803, 807 (E.D. Va. 1998) (citing Nat'l Fin. Servs.,
98 F.3d at 135). "[T]he test is the capacity for the statement
to mislead; evidence of actual deception is unnecessary." Id.
(citing Nat'l Fin. Servs., 98 F.3d at 139 (emphasis added)).
Under the least sophisticated consumer test, the Court held that
the language "*IMPORTANT -- to stop further action, pay your
account in full to this office" could "very easily" be

13

interpreted to mean that legal action would follow the consumer's nonpayment. Morgan, 999 F. Supp. at 807. Although the language was not overtly threatening and did not expressly indicate that a lawsuit was forthcoming, the fact that it could be so interpreted by the least sophisticated consumer was enough for the Court to find that the language violated § 1692e(5).

In United States v. National Financial Services, Inc., the Fourth Circuit rejected a defendant debt collector's argument that, because the letters did not state that a lawsuit "will be filed" or "is going to be filed," its letters were in compliance with the law. Nat'l Fin. Servs., 98 F.3d at 137. The letters included the language "YOUR ACCOUNT WILL BE TRANSFERRED TO AN ATTORNEY IF IT IS UNPAID AFTER THE DEADLINE." Id. at 136. This language, viewed from the perspective of most consumers, could indicate that the unpaid account would be treated differently by an attorney than the collecting agency because, to most consumers, "the relevant distinction between a collection agency and an attorney is the ability to sue." Id. This language, combined with information reminding consumers that their "attorney[s] will want to be paid," was enough to imply that debtors would be sued even though the collectors had no intent to bring suit. Id. at 137. The collection letters did not have to explicitly state that the consumer would be sued in order to violate § 1692e(5).

In both of these decisions, the Court also concluded that the respective defendants violated § 1692e(10) because "falsely representing that unpaid debts would be referred to an attorney for immediate legal action is a deceptive practice," Nat'l Fin. Servs., 98 F.3d at 138, and because "the notice could easily be interpreted by the least sophisticated consumer as creating a false sense of urgency." Morgan, 999 F. Supp. at 808. In sum, simply creating false impressions that may mislead the least sophisticated consumer can be a deceptive practice in violation of the FDCPA.

In this case, Defendant's Letter to Fariasantos meets the standard set under Morgan and National Financial Services. The Letter states that "Branch Banking and Trust Company has referred the loan to this office for legal action based upon a default under the terms of the loan agreement." Fariasantos and Rosenberg make much of the phrase "legal action" and its meaning. Rosenberg argues that foreclosure (although a non-judicial proceeding in Virginia) is a "legal action" and that the phrase is not limited exclusively to the filing of a lawsuit.

The fact that "legal action" could mean a foreclosure and not a traditional lawsuit is not dispositive. The Court addressed the use of the word "action" in several debt collection letters sent to a plaintiff in Goodrow v. Friedman &

<u>MacFadyen, P.A.</u>, No. 3:11cv020, 2013 WL 3894842, at *10-11 (E.D. Va. July 26, 2013).

> When viewing the allegations favorably to Plaintiffs, the repeated suggestions in Defendants' form letters that a lawsuit exists, or admonition that Plaintiffs will need to take certain steps to resolve the pending 'action,' are plausibly deceptive. In this non-judicial foreclosure state, it is not plausible that a law firm intended to file a civil action. The suggestion of a lawsuit against a borrower facing foreclosure could plausibly mislead the least sophisticated consumer, affecting his or her ability to make intelligent decisions with respect to the debt.

<u>Id.</u> at *11.[2] As noted previously, the test is the "<u>capacity</u> for the statement to mislead" the least sophisticated consumer. <u>Nat'l Fin. Servs.</u>, 98 F.3d at 139 (emphasis added). The test is not whether the statement is actually misleading given an attorney's understanding of the phrase "legal action." As the

---

[2] Defendant misstates the law from <u>Goodrow</u> when he claims that "a statement is false or misleading <u>only if</u> 'it can be reasonably read to have two or more meanings, one of which is inaccurate.'" (Def. Reply at 2; Docket No. 18 (emphasis added).) As noted previously herein, the 2011 <u>Goodrow</u> decision actually stated that "a statement is false or misleading if 'it can be reasonably read to have two or more meanings, one of which is inaccurate.'" <u>Goodrow</u>, 788 F. Supp. 2d at 472. Even with Defendant's insertion of the words "only if," one reasonable meaning of Defendant's use of the term "legal action" is still inaccurate and therefore misleading. It is not possible for Defendant to initiate a judicial foreclosure proceeding against the recipient of the Letter. However, this "meaning" of the term "legal action" could be understood by a consumer to indicate that he or she could be brought before a court for a foreclosure proceeding. This meaning is inaccurate, and therefore false or misleading.

Court held in Goodrow, an implausible indication that a lawsuit will or could be filed is plausibly deceptive and has the capacity to mislead in such a way that would affect a consumer's ability to make intelligent decisions with respect to the alleged debt.

The language of Defendant's Letter is additionally open to interpretation that a lawsuit is imminent because it is couched in terms of an anticipated future outcome and not mere possibility. The Letter states that BB&T "has referred the loan to this office for legal action" (emphasis added), not that BB&T has referred the loan to this office for "possible" legal action or for the "consideration" of legal action. The fact that the loan has been referred for the stated purpose of taking legal action could reasonably be expected to lead the least sophisticated consumer to believe that the loan has been referred to the attorney for the purpose of filing a lawsuit, something the least sophisticated consumers would know that attorneys commonly do. This reasonable conclusion (from the viewpoint of the least sophisticated consumer) is false and misleading. Making false or misleading statements is unlawful under § 1692e(5) and may also be a violation of § 1692e(10) if the statement is a deceptive collection practice designed to impart a false sense of urgency to the consumer. Morgan, 999 F. Supp. at 808.

The Defendant knew that the matter had been referred to it for the purpose of instituting foreclosure proceedings. It could have said precisely that. But, with knowledge that foreclosure is a non-judicial proceeding in Virginia, it chose to use a phrase – "for legal action" – that, reasonably read under the applicable standard, goes well beyond its limited assignment. It, instead, elected to use a phrase that the least sophisticated consumer could understand that the Defendant might sue on the debt. It is unlikely that a law firm that specializes in collection and foreclosure work made its election inadvertently.

For the foregoing reasons, Fariasantos has alleged a sufficient set of facts, accepted as true, to state a plausible claim for relief, and the Motion to Dismiss Counts I and II will be denied.

Count III

In Count III, Fariasantos alleges a violation of § 1692g(a)(3) because the Letter failed to include the language "by the debt collector" or similar language. Rosenberg argues that Count III "fails as a matter of law because the letter effectively conveys that only the debt collector may assume the debt valid." (Def. Br. Supp. at 10, Docket No. 9.) However, this simply is not true. Rosenberg's omission of the phrase "by the debt collector" and inclusion of a notice that failure to

18

contest the debt will not be construed by a court as an admission of liability does not convey, in any sense, that "only the debt collector may assume the debt valid." (emphasis added).

First, the Court looks to the plain language of the FDCPA for guidance on the language to be included in dunning letters. In § 1692g(a)(3), the FDCPA says that a written notice (such as the one in this case) to the consumer shall contain: "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." (emphasis added). It is true that defendants "need not use the verbiage 'by the debt collector'" in their letters. Harlan v. NRA Group, LLC, 2011 U.S. Dist. LEXIS 12751, at *11 (E.D. Pa. Feb. 9, 2011); see also Vitullo, 684 F. Supp. 2d at 756 (holding the same). However, the letters "must include some language that makes clear it is only the debt collector that may assume validity and only for collection purposes; otherwise the debtor is left uncertain about what entity will make the assumption and for what purpose." Harlan, at *11. The Pennsylvania district court's decision makes sense. Without the qualifying prepositional phrase "by the debt collector;" the passive statement that a debt "will be assumed to be valid" simply does not convey who will be doing the assuming. The Letter's failure to state who will assume the validity of the

19

debt does not fulfill Rosenberg's clear obligation under the statute to tell the consumer that it is the debt collector who will assume the debt to be valid.

Second, and contrary to Rosenberg's argument, the inclusion of the Letter's final conspicuous sentence alerting the consumer that his "failure to contest the validity of the debt under the Act may not be construed by any Court as an admission of liability" does nothing to alert the consumer to those parties who may assume the validity of the debt. Telling a consumer that a court will not interpret consumer's actions as an admission of liability does not clarify the consumer's understanding of who will assume that his debt is valid. This is true for two reasons. First, assumption of validity and an admission of liability are two different concepts. Second, even if a court would not assume the validity of the debt, the consumer is still left in the dark about who <u>will</u> assume the debt's validity. The fact that persons or entities A, B, and C will not come to a certain conclusion says nothing about the conclusions and assumptions of persons or entities D through Z.

In reply, Rosenberg argues that Plaintiff's argument regarding other relevant entities is bizarre and that the use of the words "this office" and "we" actually illustrates that the Letter effectively conveys that ONLY the debt collector may assume the debt valid. However, the key sentence at issue here

does not contain the words "we" or "this office." The use of "we" and "this office" occurs only in the context of sending notification of contest and dispute, obtaining verification of the debt, provision of the name and address of the original creditor, and cessation of collection activities pending verification of the debt. To read "we" or "this office" into the passively worded opening sentence of the paragraph without those words would be to assume the presence and import of words that simply are not there. Rosenberg's use of the passive voice effectively obscures the identification of the subject who is acting out the verb of the sentence. The Court recognizes that it is to examine the Letter in its entirety and not sentence-by-sentence. Vitullo, 684 F. Supp. 2d at 756. However, even in light of the surrounding sentences and the general context of the Letter, the Court cannot extract substantive meaning from a sentence that was drafted in a way that obscures such meaning.

The Letter's failure to state who would assume the debt's validity does not comply with § 1692g(a)(3) of the FDCPA, and the inclusion of the Letter's final sentence does nothing to correct or clarify that omission. Here too the Defendant used language that would reasonably be understood by the least sophisticated consumer to convey more than the law allows. It is unlikely that the selection of that text was inadvertent.

Fariasantos has alleged a sufficient set of facts, accepted as true, to state a plausible claim for relief, and the Motion to Dismiss Count III will be denied.

## CONCLUSION

Assuming the veracity of all well-pleaded allegations, Plaintiff's Complaint states a plausible claim for relief and allows the Court to make a reasonable inference that Defendant is liable for the misconduct alleged. For the reasons more fully set forth above, Defendant's MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT will be denied.

It is so ORDERED.

_____ /s/    *REP*   

Richmond, Virginia      Robert E. Payne
Date: March 10, 2014    Senior United States District Judge