IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CLAUDIO FARIASANTOS, on behalf of**
**himself and all others similarly situated,**

      **Plaintiff,**

    **v.**                                                                **Civil Action No. 3:13-cv-543**

**ROSENBERG & ASSOCIATES, LLC,**

      **Defendant.**

**DEFENDANT ROSENBERG & ASSOCIATES, LLC'S MEMORANDUM IN SUPPORT**
**OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

      Defendant Rosenberg & Associates, LLC ("Rosenberg" or "Defendant"), by counsel, hereby submits its Memorandum in Support of its Motion for Partial Summary Judgment on Plaintiff Claudio Fariasantos' ("Plaintiff") Class Action Complaint ("Complaint") pursuant to Fed. R. Civ. P. 56 on the grounds that:

      1.      No genuine dispute of material fact exists that Plaintiff has not suffered and is not seeking any actual damages, as evidenced by his Complaint allegations and his sworn interrogatory responses; and

      2.      Plaintiff's request for declaratory relief fails as a matter of law because declaratory relief is not available to private litigants under the FDCPA.

**UNDISPUTED MATERIAL FACTS**

      1.      On December 4, 2012, Rosenberg sent Plaintiff a letter containing the FDCPA-required disclosures (the "FDCPA Letter"). The FDCPA Letter is attached hereto as **Exhibit A**. (Compl. ¶ 12).

      2.      The FDCPA Letter reads in relevant part:

> Rosenberg & Associates, LLC is attorney for noteholder. On May 29, 2007, Claudio Fariasantos borrowed money from Branch Banking and Trust Company [BB&T] and executed a Deed of Trust and Note secured by the above property. Branch Banking and Trust Company has referred the loan to this office **for legal action** upon a default under the terms of the loan agreement.

(**Ex. A** at p. 1) (emphasis added).

    3.    The Letter further states, "If within thirty (30) days from the receipt of this letter you fail to dispute all or part of the debt, the amount recited herein will be assumed valid." (*Id.*)

    4.    On August 14, 2013, Plaintiff filed the instant lawsuit on behalf of himself and others similarly situated. Plaintiff alleges the FDCPA Letter is misleading because the use of the phrase "legal action" may mean "lawsuit" while Rosenberg only intended to pursue foreclosure. (Compl. ¶¶ 14-25, 48, 51).

    5.    Plaintiff also alleges that Rosenberg's omission of the phrase "by the debt collector" violates 15 U.S.C. § 1692g(a)(3), which provides that consumer's failure to dispute the debt will lead to the assumption of debt validity "by the debt collector." *Id*.

    6.    Although Plaintiff's Complaint regurgitates the FDCPA's civil liability language regarding prevailing consumers' entitlement to actual damages, statutory damages, and reasonable attorney's fees and costs, (Compl. ¶¶ 49, 52, 55), nowhere in the entire Complaint is there a single factual allegation that either Plaintiff or any putative class member suffered any damages in this case. Of importance, Plaintiff seeks no actual damages on behalf of himself or the class members in his "PRAYER FOR RELIEF" section and only requests:

    A.    Certification for this matter to proceed as a class action;
    B.    Declaratory relief that Defendant's use of Exhibit A violates the FDCPA as alleged;
    C.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);
    D.    Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. § 1692k(a)(3); and
    E.    Such other and further relief as the Court deems proper.

(Compl. at 13-14).

7. Consistent with his Prayer for Relief, in his discovery responses Plaintiff swore under oath that:

> … **the Complaint seeks FDCPA statutory damages <u>only</u>. See Paragraph C of the "Wherefore clause," which requests an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B).** Damages under this request include the following. Payment of $1,000 to Mr. Fariasantos as statutory damages. Payment of $5,000 to Mr. Fariasantos for this service as class representative. Additional compensation for the class representative's services is not unusual in class actions.

(Pl.'s Resp. to ROG No. 12) (emphasis and double emphasis added). Excerpts of Plaintiff's Responses to Defendant's First Set of Discovery Requests are attached as **Exhibit B**.[1]

8. Further, in response to a request for production of all documents that relate to Plaintiff's claim for any actual damages, Plaintiff has responded, "**None**." (Ex. B, Pl.'s Resp. to RPD No. 12).

## LEGAL STANDARD

At a summary judgment stage, a court must determine whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," based on the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made

---

[1] Plaintiff's counsel's boilerplate objection that actual damages are unliquidated and do not lend themselves to a calculation is directly contrary to Plaintiff's sworn response that he is seeking no actual damages. (Pl.'s Obj. to ROG No. 12). Plaintiff's counsel has used the same boilerplate objection in his other FDCPA cases in which no actual damages were sought. *See, e.g., Kelly v. Nationstar Mortgage, LLC*, Case No. 3:13-cv-311, Pl.'s Obj. to ROG No. 3 (E.D. Va. Jan. 24, 2014); *Dennis v. Nationstar Mortgage, LLC*, Case No. 3:12-cv-616, Pl.'s Obj. to ROG No. 6 (E.D. Va. Feb. 8, 2013). Excerpts from *Dennis* and *Kelly* discovery responses are attached as **Exhibit C**.

3

for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56.

It is not enough "simply [to] show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Nor is the "mere existence of a scintilla of evidence" or "unsupported speculation" adequate to defeat a summary judgment motion. *Baber v. Hospital Corp. of Am.*, 977 F. 2d 872, 875 (4th Cir. 1992).

## ARGUMENT

A. **Rosenberg Is Entitled to a Summary Judgment on the Issue of Actual Damages.**

In order to preclude a summary judgment on the issue of actual damages, the non-moving party has to present sufficient evidence of actual damages beyond mere allegations. *Doe v. Chao*, 306 F.3d 170, 179-82 (4th Cir. 2002), *aff'd*, 540 U.S. 614 (2004) (affirming summary judgment in favor of defendant, holding plaintiff failed to produce sufficient evidence, beyond bare allegations, to support his entitlement to actual damages). Courts in the Fourth Circuit, and elsewhere, routinely grant defendants' motions for summary judgment on the actual damages issue in FDCPA cases where plaintiffs fail to support their conclusory allegations with evidence. *See, e.g., Ross v. FDIC*, 625 F.3d 808 (4th Cir. 2010) (summary judgment in favor of Defendant on actual damages in an FDCPA case because, "[p]resented only with [plaintiff's] conclusory assertions, no reasonable jury could find that WaMu's debt collection practices were the proximate cause of Ross's non-economic injuries"); *accord Dorris v. Accounts Receivable Mgmt., Inc.*, 2013 U.S. Dist. LEXIS 40122, 21-25 (D. Md. Mar. 22, 2013) (same).[2]

In this case, there are zero allegations and zero evidence of actual damages. In his interrogatory responses, Plaintiff has sworn under oath that he is only seeking statutory damages

---

[2] *Crafton v. Law Firm of Levine*, 957 F. Supp. 2d 992, 1001 (E.D. Wis. 2013) (same); *Miller v. Prompt Recovery Servs.*, 2013 U.S. Dist. LEXIS 88203 (N.D. Ohio June 24, 2013) (same).

and no actual damages. (Ex. B). Plaintiff has also responded to Rosenberg's discovery requests by stating that no documents exist relating to any actual damages. (*Id.*) These responses are consistent with Plaintiff's Complaint, which does not request actual damages. (Compl. at 13-14). Indeed, any claim of actual damages based on two hypertechnical disclosure deficiencies in the FDCPA Letter would be ludicrous, and this is why Plaintiff, through his experienced counsel, has not pled any actual damages in the first place.[3] In summary, Plaintiff's pleadings and discovery responses do not demonstrate even a "scintilla of evidence" on actual damages, and summary judgment on this issue should be granted in Rosenberg's favor.

B. **Declaratory Judgment Relief Is Not Available under the FDCPA.**

"When interpreting any statute, we must first and foremost strive to implement congressional intent by examining the plain language of the statute." *United States v. Passaro*, 577 F.3d 207, 213 (4th Cir. 2009). The plain language of the FDCPA provides that private litigants can recover statutory damages, actual damages, and reasonable attorney's fees and costs in individual and class actions under the FDCPA. 15 U.S.C. § 1692k. Conspicuously absent from Section 1692k is any mention of a declaratory or injunctive relief.

Although the United States Court of Appeals for the Fourth Circuit has not yet addressed whether the FDCPA permits private plaintiffs to seek declaratory or injunctive relief, this Court and every federal appeals court to have considered the question has held that it does **not**. *Vitullo v. Mancini*, 684 F. Supp. 2d 760, 762-67 (E.D. Va. 2010) (Ellis, J.) (holding that equitable relief is not available to private litigants under the FDCPA); *see also Weiss v. Regal Collections*, 385

---

[3] Those less experienced plaintiffs that make the mistake of seeking actual damages based on similar claims of technical violations usually abandon them in the course of litigation. *Price v. Brock & Scott, PLLC*, 2011 U.S. Dist. LEXIS 38275 (M.D.N.C. Apr. 6, 2011) (plaintiff abandoned all claims for actual damages); *accord Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 680 (N.D. Cal. 2011) (plaintiff abandoned her class claim for emotional distress damages); *Aslam v. Malen & Assocs., P.C.*, 669 F. Supp. 2d 275, 276 (E.D.N.Y. 2009) (Plaintiff agreed to waive his claim for actual damages).

F.3d 337, 342 (3d Cir. 2004) ("[I]njunctive and declaratory relief is not available to litigants acting in an individual capacity under the FDCPA."); *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir. 2000) (noting that "all private actions under the Fair Debt Collection Practices Act are for damages"); *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982) (holding that equitable relief is not available to an individual under this section of the FDCPA); *see also Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 224 (2d Cir. Conn. 2012) (stating that all federal appellate courts have held that injunctive or declaratory relief is not available to private litigants under the FDCPA); *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000) (same).

In *Vitullo*, this Court engaged a detailed, thoroughly-reasoned analysis of the FDCPA's language and structure in resolving the issue of whether injunctive or declaratory relief was available to a private plaintiff suing for FDCPA violations. 684 F. Supp. 2d at 762-67. In particular, the Court emphasized that, unlike Section 1692k, another provision of the FDCPA, Section 1692l(a), empowers the Federal Trade Commission ("FTC") with the administrative enforcement of the statute's prohibitions using "'[a]ll of the functions and powers of the Commission under the Federal Trade Commission Act.'" *Id.* at 762-63 (quoting 15 U.S.C. § 1692l(a)). "The[se] 'functions and powers' include equitable relief under the express terms of the Federal Trade Commission Act ("FTCA")." *Id.* at 763.

Accordingly, this Court held that, "[i]n expressly authorizing the FTC to seek injunctive relief under § 1692l(a), while electing not to provide the same relief to private litigants in § 1692k, Congress has clearly indicated through the statutory structure that injunctive relief is an FDCPA remedy exclusive to the FTC." *Id.*; *see also Physicians Comm. for Responsible Med. v. Gen. Mills, Inc.*, 283 F. App'x 139, 143-44 (4th Cir. 2008) (holding, with respect to "the

6

bifurcated remedy scheme of the [Virginia Consumer Protection Act], whereby individuals may sue for damages under § 59.1-204 and government officials may sue for injunctions under § 59.1-203," that "[i]t is apparent from this statutory structure that damage suits under § 59.1-204 are the private remedy authorized by the VCPA, and that no corresponding cause of action for private suits exists under § 59.1-203."). The same conclusion has been reached by another court in the Fourth Circuit. *See Hardy v. Nagle & Zaller, P.C.*, 2013 U.S. Dist. LEXIS 172035 (D. Md. Dec. 6, 2013) (holding equitable relief is not available to an individual under the FDCPA) (quoting *Parillon v. Fremont Inv. & Loan*, No. L-09-3352, 2010 U.S. Dist. LEXIS 29265 (D. Md. Mar. 25, 2010)).

Here, Plaintiff requests "declaratory relief that Defendant's use of Exhibit A violates the FDCPA." (Compl. ¶ 13). Because, under the well-settled precedent above, declaratory or injunctive relief under the FDCPA is exclusively available to the FTC in administrative enforcement actions and is not available to private litigants, the Court should grant a summary judgment in Rosenberg's favor on Plaintiff's request for declaratory relief.

## CONCLUSION

For all of the above reasons, Defendant Rosenberg & Associates, LLC, respectfully requests that the Court grant its Motion for Partial Summary Judgment and enter an Order that Plaintiff is not entitled to actual damages or declaratory relief, and grant Defendant any further legal or equitable relief as the Court deems appropriate.

Dated: June 16, 2014                                    Respectfully submitted,

                                                              **ROSENBERG & ASSOCIATES, LLC**

                                                              By:    /s/ Maryia Y. Jones
                                                                           Of Counsel

John C. Lynch (VSB # 39267)
Maryia Y. Jones (VSB # 78645)
Counsel for Rosenberg & Associates, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: maryia.jones@troutmansanders.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**CLAUDIO FARIASANTOS, on behalf of
himself and all others similarly situated,**

      **Plaintiff,**

      v.                                  Civil Action No. 3:13-cv-543

**ROSENBERG & ASSOCIATES, LLC,**

      **Defendant.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/EC participants:

**Counsel for Plaintiff Claudio Fariasantos**
Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb Street
Petersburg, VA 23803-3212
E-mail: dale@pittmanlawoffice.com

Kristi C. Kelly
Andrew J. Guzzo
Kelly and Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

Leonard A. Bennett
Susan M. Rotkis
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

Matthew J. Erausquin
Janelle E. Mason
Casey S. Nash
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
E-mail: matt@clalegal.com
E-mail: janelle@clalegal.com
E-mail: casey@clalegal.com

    /s/ Maryia Y. Jones
John C. Lynch (VSB # 39267)
Maryia Y. Jones (VSB # 78645)
Counsel for Rosenberg & Associates, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: maryia.jones@troutmansanders.com

22040165v1