**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **CLAUDIO FARIASANTOS,** *on behalf of himself and all others similarly situated,* | : : : | |
| **Plaintiff,** | : : | |
| v. | : : | Civil Action No. 3:13-cv-543 |
| **ROSENBERG & ASSOCIATES, LLC,** | : : | |
| **Defendant.** | : | |

**MEMORANDUM IN RESPONSE TO**
**DEFENDANT'S MOTION FOR CLASS CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 23, Plaintiff Claudio Fariasantos, individually and on behalf of all others similarly situated, responds to Defendant's Motion for Class Certification as follows:

## I. INTRODUCTION

As previously offered, this case arises from Rosenberg & Associates, LLC's ("Defendant" or "Rosenberg") uniform, routine practices of mailing consumers a form collection letter that made false and unintended threats to file civil actions in court in connection with the collection of home loan debts. This misrepresentation was compounded by the fact that the letters also did not appropriately disclose the Fair Debt Collection Practices Act's ("FDCPA") cornerstone thirty-day-validation-rights notice found at 15 U.S.C. § 1692g.

Defendant has preemptively moved to certify a class designed to insulate it – the Defendant – from greater exposure and the forced payment of damages to as large a group of consumers as possible. The fact that Defendant itself has made this motion is proof alone that in this zero-sum matter its motion is not in the best interests of the class it seeks to bind. As the

Seventh Circuit stated in another context – in which a Defendant sought to argue what was "adequate" for the class,

> [I]t is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether "the representative parties will fairly and adequately protect the interests of the class," […] it is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house.

*Eggleston v. Chicago Journeyman Plumbers Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981).

Plaintiff of course does not contest that class certification is appropriate in this case—in fact, he has filed his own motion for class certification. For the purposes of this motion, the only outstanding issue between the parties is the scope of the class definition and putative class membership. Both parties agree that all of the requirements of class certification are met for the class defined in Plaintiff's original complaint. Plaintiff has sought leave to file an amended complaint, which only makes one change to the class definition—instead of seeking a Virginia-wide class, Plaintiff now seeks to certify a class of Henrico County residents:[1] Notwithstanding

---

[1] Plaintiff has narrowed the proposed class definition to comport with the narrowing of this case after discovery. Of course, regardless of what is alleged as a proffered class definition in a complaint or in this motion, the Court is free to define the class as it finds more appropriate. *Bratcher v. Nat'l Standard Life Ins. Co.* (*In re Monumental Life Ins. Co.*), 365 F.3d 408, 414 (5th Cir. 2004) *cert. denied*, 125 S. Ct. 277 (2004); *Meyer v. Citizens & S. Nat'l Bank*, 106 F.R.D. 356, 360 (M.D. Ga. 1985) ("The Court has discretion in ruling on a motion to certify a class. This discretion extends to defining the scope of the class."); *Bafus v. Aspen Realty, Inc.*, 236 F.R.D. 652, 655 (D. Idaho 2006) ("At the hearing in this matter, Plaintiffs offered this revised definition. The Court finds that the revised definition better reflects Plaintiffs' claims in these actions. Therefore, the Court will consider the revised definition in making its class certification determination."). *See also Woods v. Stewart Title Guar. Co.*, Civil No. CCB-06-0705, 2007 WL 2872219, at *2 (D. Md. Sept. 17, 2007) (certifying a class of individuals as proposed by plaintiffs during class certification briefing that was broader than the class plaintiffs' alleged in the class action complaint after discovery uncovered a broader group of individuals harmed by the same practice alleged in the complaint).

Defendant's attempt to force its opponent to involuntarily accept a charge or responsibility, the narrow Henrico County class is the only one that Plaintiff and his lawyers will agree to represent:

> (A) All residents of Henrico County, Virginia to whom Defendant sent a letter in the form of Exhibit A, (B) which contains the 15 U.S.C. § 1692g notice of validation rights in text identical to that in Exhibit A, (C) in an attempt to collect a home loan debt, (D) that was incurred primarily for personal, household or family purposes, (E) during the one year period prior to the filing of the Complaint in this matter.

The only material issue presented by this motion is whether or not Defendant can force and demand that Plaintiff and counsel do what they do not agree to do, and whether a Plaintiff and counsel that oppose a particular class definition can be found to adequately represent all class members within that definition. Obviously – in any rational universe – the answer is no.

## II. ARGUMENT

### A. Defendant's "Net Worth" Arguments are not Germane to the Present Motion and Posture.

At pages 5 through 7 of its memorandum, Defendant offers various arguments and purported facts regarding its claimed net worth and whether that evidence would be sufficient for Rosenberg to establish its affirmative defense that 1% of its net worth is less than the objective cap of $500,000 for Fair Debt Collection Practices Act ("FDCPA") class action statutory damages. *See* 15 U.S.C. § 1692k. But this question is not now before the Court. It is an argument that is entirely irrelevant to the question of whether a class should be certified under Fed. R. Civ. P. 23 as Defendant claims. Both Parties agree that there is a cap. That cap will be fixed, and even at $500,000, it does not matter which class definition is certified. Whether the class consists of 60 plus consumers as Plaintiff moves or thousands as Defendant does, class members will not recover the maximum $1,000 statutory damage amount only available in individual actions and to the named plaintiff in class actions.

Plaintiff reserves the right to fully oppose Defendant's "net worth" claim at an appropriate juncture.

**B.     Plaintiff and Defendant Agree that Most Rule 23 Elements are Satisfied in this Case.**

First, Plaintiff agrees that any class in this case – whether over 60 or over 2,000 is large enough to create a presumption of numerosity. *See, e.g., Brady v. Thurston Motor Lines,* 726 F.2d 136, 145 (4th Cir.1984) (certifying class of 74); *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n,* 375 F.2d 648, 653 (4th Cir.1967) (certifying class of 18); *Ganesh, L.L.C. v. Computer Learning Ctrs., Inc.,* 183 F.R.D. 487, 489 (E.D.Va.1998) (citing with approval Second Circuit case certifying class of 40).

Plaintiff and Defendant also agree that the claims of every one of the members of Defendant's desired class definition – of which Plaintiff's Henrico County class is a subset – share common and typical issues and claims. Further, the Parties agree that common issues will predominate over individualized issues.

**C.     Defendant has Not Established Adequacy of Representation Because it Cannot Compel an Unwilling Representative.**

Plaintiff and his counsel are flattered that Defendant and its defense law firm believe that they are honest and sufficiently skilled to satisfy the Rule 23(a)(4) adequacy element. But the requirement is actually that they "will fairly and adequately protect the interests of the class." By its text, the provision assumes and demands the "willingness" of the Plaintiff and his counsel, not simply the capability.

This is of course the reason there is not one single case Plaintiff's counsel could find in which a Defendant successfully (or even unsuccessfully) moved to certify a Plaintiff's class

outside of a settlement. Mr. Bennett has scoured all treatises and secondary sources, as well as Westlaw generally and could not find one such instance.²

Defendant's suggestion that the Plaintiff and his counsel be forced to represent a group of strangers that they do not agree to represent is absurd. Similarly, in the face of Plaintiff's conviction that it would not be in the best interests of the Henrico County class to add and include numerous other consumers, doing so would impose a conflict making Plaintiff – for this

---

² In fact, the only mention of such a tactic cites to a very few decisions that when actually read say something entirely different. Section 7.1 in Newberg on Class Actions § 7:1 (5th ed.) lists the manner in which a Class Certification motion has been raised:
> A motion for an initial class determination may be raised in a variety of ways:
> - A plaintiff may make a motion for class certification.¹
> - A defendant may initially move for an order denying class certification.²
> - The parties may make cross-motions in support of and in opposition to class certification.³
> - In rare cases, the defendant may move for certification of a plaintiff class.⁴
> - A court may on its own initiative certify or deny certification of a claim brought as a class action.⁵

Newberg on Class Actions § 7:1 (5th ed.). But when the cases identified in Footnote 4 to support the statement that, "(I)n rare cases, the defendant may move for certification of a plaintiff class", are reviewed, the Court will find the editor's reliance erroneous. *See De Lage Landen Financial Services, Inc. v. Rasa Floors, LP*, 792 F. Supp. 2d 812, 818 (E.D. Pa. 2011) (Newberg mistakenly includes this case as one where the defendant sought to certify a plaintiff's class. Instead, the respective defendant had sought to certify counterclaim class. 269 F.R.D. 445, 454 (E.D. Pa. 2010)); *Campbell v. PricewaterhouseCoopers, LLP*, 2010 WL 5170758, *4 (E.D. Cal. 2010) (Newberg notes a mention of "Defendant's Motion for Class Certification" in a title to an exhibit identified in the opinion. However, a review of the docket on PACER confirms that this was a typographical error by the court. Only the Plaintiff in that case had filed a motion); *Tracy v. NVR, Inc.*, 2009 WL 3242565, *1 (W.D. N.Y. 2009) (The only motion for class certification by the defendant was a joint motion to certify a settlement class (04cv6541, Docket No. 87)); *Newman v. Ed Bozarth Chevrolet Co., Inc.*, 2008 WL 4681921, *1 (D. Colo. 2008) (Newberg cited mention of 'Defendant's Motion for Class Certification" was typographical error in cited decision. 07cv969, Docket No. 104 was "Plaintiff's" motion); *Windstream, Corp. v. Berggren*, 45 Employee Benefits Cas. (BNA) 2480, 2008 WL 5456037, *4 (D. Neb. 2008) (Newberg mistakenly includes this case as one where the defendant sought to certify a plaintiff's class. Instead, the respective defendant had sought to certify its own counterclaim class. 4:08cv03173, Docket No. 174).

case and purposes – inadequate. As the United States District Court in Indiana agreed, the Court should not expand the class sought by the Plaintiff over his objection:

> However, MRS has taken a tack unusual for a defendant in a class action. It contends that the proposed class should encompass a larger group. MRS contends that although Hubbard and her attorneys seek a smaller class to reduce litigation costs, the class should be expanded so that MRS may be protected from exposure to serial lawsuits. … Although the court is also interested in judicial efficiency and avoiding duplicative litigation, MRS offers no legal support for its argument that the court should expand the proposed class over Hubbard's objection.

*Hubbard v. M.R.S. Associates, Inc*., 2008 WL 5384294 (S.D. Ind. Dec. 19, 2008). Multiple FDCPA settlements have been rejected for just such an adequacy failure. In a case before the District of New Jersey, the Court found:

> Given the unsettled nature of FDCPA jurisprudence, the Court will not approve the proposed settlement. If there is even a fair possibility that consumers in other states can obtain a monetary recovery from defendant arising from the collection letters defendant sent out from August 6, 2008 to the present, they should have the right to pursue their claims. The phantom benefit from the proposed settlement is not adequate consideration for the release of tens of thousands of potential FDCPA claims.
>
> Defendant argues that a nationwide class is necessary to prevent it from being subject to "copycat class actions in other jurisdictions, exposing it to potential liability in excess of the absolute limit set by Congress." July 8, 2010 JLB at 3. The Court disagrees. For the reasons already discussed, defendant's collective nationwide exposure may not be absolutely capped at 1 percent of its net worth. Further, the Court agrees with the view that an FDCPA class does not have to include all potential plaintiffs.

*Zimmerman v. Zwicker & Associates, P.C*., 2011 WL 65912 (D.N.J. Jan. 10, 2011). See also *Brink v. First Credit Res*., 185 F.R.D. 567, 573 (D.Ariz.1999) (concluding that a geographically unlimited class "would be a disservice to the potential plaintiffs because the group as a whole might obtain a larger total recovery by maintaining several class actions rather than only one").

### D. Defendant's Statewide Class of 2,332 is Not Superior.

What Defendant would have been expected to do – what numerous other Defendants have tried to do – is to oppose Plaintiff's smaller class as uncertifiable. But of course Rosenberg's lawyers likely read the same body of law as did Plaintiff's. Narrowed geographically defined FDCPA classes have almost uniformly been found appropriate, and even necessary. It cannot win an argument that the Plaintiff's narrow class should not be certified. Accordingly, Defendant tried to preempt the Plaintiff's motion – alerted by Plaintiff's counsel's previously pressed mediation position – by moving for certification of the pre-discovery class definition. However, as Plaintiff has already established in his own Motion for Class Certification, the Henrico County class is superior to all alternatives.

Plaintiff and putative class counsel decline Defendant's request that they represent a class of 2,332 consumers – of strangers – in this case because it would not be in their best interest to force them into a class with a likely recovery of less than $10.00 when there are superior alternatives. Regardless of Defendant's unhappiness with the strategy of separate class actions for different classes, the statute, Rule 23 and class member interests require this.

Plaintiff proposes instead to represent a narrower class limited to the uniformly treated consumers who, like him, resided in Henrico County. The foreclosures threatened for each such of Plaintiff's co-class members would have been handled in an identical manner, using the same third party collection subcontractor to sign deeds and process foreclosure sales. The timing of the advertisements for the sales would have been uniform. And of course, all such class members would be close to one another and to the Court. And a capped fund of money divided by 83 Henrico County consumers will be more effective and fair to class members than dividing that same pool amongst 2,332.

Defendant's insistence on a comprehensive or geographically broader class has been uniformly rejected across the country since at least 1997. *See Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir.1997). In *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir.1997), the Seventh Circuit found nothing in § 1692k that precluded certification of a geographically narrowed class or that imposed a single damages cap upon a series of such actions. The Seventh Circuit reached this conclusion largely by contrasting FDCPA § 1692k(a)(2)(B)(ii) with the damages cap in the related Truth in Lending Act ("TILA"), 15 U.S.C. § 1640(a)(2)(B). The TILA caps damages "in any class action or series of class actions " (emphasis added)—language conspicuously absent from § 1692k(a)(2)(B)(ii). See *Mace*, 109 F.3d at 342–43 (declining to read the TILA provision into the FDCPA). *Mace* accordingly reversed the district court, which had held that "if the damage cap of $500,000 can be applied anew to a series of state-wide (or otherwise limited) class actions, the damage limitation would become meaningless." *Id.* at 344. Three years after *Mace*, the Seventh Circuit reiterated this conclusion in *Sanders v. Jackson*, 209 F.3d 998, 1002 (7th Cir.2000), stating that "there is no provision that limits defendants being exposed to more than one FDCPA class action lawsuit, which is exactly what happened to the defendant in this case."

Since these decisions, not one court known to Plaintiff's counsel has found otherwise – each permitting various narrowed class permutations – limited by state or locality, time period, creditor or otherwise. "In the wake of *Mace*, however, courts have allowed multiplicative class actions with both chronologically distinct classes and geographically distinct classes. (citations omitted). The defendants have found no cases holding that § 1692k(a)(2)(B)(ii) requires certification of a nationwide class." *LaRocque ex rel. Spang v. TRS Recovery Servs., Inc.*, 2:11-CV-91-DBH, 2013 WL 30055 (D. Me. Jan. 2, 2013). In fact, geographically limited FDCPA

class definitions permit more meaningful participation by a localized class. *Diaz v. Residential Credit Solutions, Inc.*, 297 F.R.D. 42, 53-54 (E.D.N.Y. 2014) (Geographic limitations of class is proper as easier to manage and better assists localized class members in participation in class trial); *Macarz v. Transworld Systems, Inc.* 193 F.R.D. 46, 57 (D.Conn.2000) ("[T]he Court will not decline certification simply because plaintiff seeks to limit the class to a specific geographic area. Such a class will be more easily managed by this Court, and to the extent testimony of individuals is needed in the damages phase, concentrating the litigation in this District will assist Connecticut residents who might otherwise be unwilling to travel to distant fora for a relatively small sum."); *Mailloux v. Arrow Fin. Servs., LLC*, 204 F.R.D. 38, 43 (E.D.N.Y. 2001) (Same).

In fact, Courts have explicitly rejected defense requests and arguments to expand a geographically limited FDCPA class – a request comparable to Defendant's unique affirmative Rule 23 motion,

> To the extent that the defendants request that this court certify a nationwide class as a matter of judicial discretion, I decline to do so. If the plaintiff is able to establish the defendants' liability, my discretion will be invoked at the time of determining statutory damages. Then, the defendants can point to the size of the class and the pendency of lawsuits in other jurisdictions (assuming that the MDL Panel has not placed them all before a single judge). Nothing in the statute requires that a court set statutory damages at the maximum allowed.

*LaRocque ex rel. Spang v. TRS Recovery Servs., Inc.*, 2:11-CV-91-DBH, 2013 WL 30055 (D. Me. Jan. 2, 2013). Defendant's hope for a larger class is not supported by Rule 23(b)(3)'s superiority requirement. *Nichols v. Northland Groups, Inc.*, 2006 WL 897867 (N.D. Ill. Mar. 31, 2006) (citations omitted) ("This court concludes that neither the FDCPA nor Rule 23 require a larger class than Plaintiff proposes to certify. … Although Northland couches its argument in terms of Rule 23's "superiority" requirement, it is really an argument predicated on a reading of the FDCPA that the plain language of that statute does not support.").

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to certify the statewide class.

                                          Respectfully submitted,
                                          **CLAUDIO FARIASANTOS**

                                          By   /s/_____
                                                        Of Counsel

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-9285 - Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

Leonard A. Bennett, Esq. (VSB #37523)
Susan Rotkis, Esq. (VSB #40639)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

Matthew J. Erausquin, VSB #65434
Casey S. Nash, VSB #8461
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600

Alexandria, VA 22314
(703) 273-7770
(888) 892-3513 (Fax)
matt@clalegal.com
casey@clalegal.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2014, I have filed the foregoing electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> John C. Lynch, VSB No. 39267
> Maryia Y. Jones, VSB No. 78645
> Troutman Sanders, LLP
> 222 Central Park Ave., Ste. 2000
> Virginia Beach, VA 23462
> Tel:   757-687-7765
> Fax:   757-687-1504
> John.lynch@troutmansanders.com
> Maryia.jones@troutmansanders.com
> *Counsel for Rosenberg & Associates, LLC*

             /s/
Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com