

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

CLAUDIO FARIASANTOS, on behalf of
himself and all others similarly situated,

      Plaintiff,

v.                       Civil Action No. 3:13CV543

ROSENBERG & ASSOCIATES, LLC,

      Defendant.

### MEMORANDUM OPINION

This matter is before the Court on the following motions: DEFENDANT ROSENBERG & ASSOCIATES, LLC'S MOTION FOR CLASS CERTIFICATION (Docket No. 37), PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (Docket No. 49), and PLAINTIFF'S MOTION FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT (Docket No. 44). For the reasons set forth herein, DEFENDANT ROSENBERG & ASSOCIATES, LLC'S MOTION FOR CLASS CERTIFICATION (Docket No. 37) is granted, PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (Docket No. 49) is denied, and PLAINTIFF'S MOTION FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT (Docket No. 44) is denied.

### PROCEDURAL BACKGROUND

Plaintiff, Claudio Fariasantos ("Fariasantos"), on behalf of himself and all others similarly situated, brought this action against Defendant Rosenberg & Associates, LLC

("Rosenberg") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("the FDCPA"). See Class Action Complaint (Docket No. 1). Rosenberg filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and an answer. By Memorandum Opinion issued on March 10, 2014, the Court denied the motion to dismiss, ruling that Counts I, II, and III, which allege violations of the Fair Debt Collections Practices Act ("FDCPA"), each state a plausible claim for relief. See Mem. Op. (Mar. 10, 2014)(Docket No. 30). Thereafter, the parties filed the pending motions, as well as a motion for partial summary judgment, which was denied as moot by Order issued on September 30, 2014. The Court heard argument on the pending motions on September 29, 2014.

## PROCEDURAL POSTURE

This matter is in an unusual procedural posture. The parties agree that class certification is appropriate in this case, but there are competing motions for class certification. "Either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)." 7AA Wright & Miller, Federal Practice and Procedure § 1785 (3d ed. 2014). The difference between the competing motions for class certification is the scope of the class definition and thus the scope of class membership.

## DISCUSSION

### Introduction

Rosenberg's Motion for Class Certification's seeks to certify the statewide class that Fariasantos proposed in the Class Action Complaint (Docket No. 1). That proposed class definition is as follows:

> (A) All Virginia residents to whom Defendant sent a letter in the form of Exhibit A, (B) which contains the 15 U.S.C. § 1692g notice of validation rights in text identical to that in Exhibit A, (C) in an attempt to collect a home loan debt, (D) that was incurred primarily for personal, household or family purposes, (E) during the one year period prior to the filing of the Complaint in this matter.

Class Action Complaint (Docket No. 1), ¶ 40, at 10. In his Motion for Class Certification (Docket No. 49), Fariasantos seeks to certify a class of Henrico County residents (rather than Virginia residents) "to comport with the narrowing of this case after discovery." Pl.'s Mem. Supp. Class Cert. (Docket No. 50) at 2 n.1. The new proposed class definition is as follows:

> (A) All residents of Henrico County, Virginia to whom Defendant sent a letter in the form of Exhibit A, (B) which contains the 15 U.S.C. § 1692g notice of validation rights in text identical to that in Exhibit A, (C) in an attempt to collect a home loan debt, (D) that was incurred primarily for personal, household or family purposes, (E) during the one year period prior to the filing of the Complaint in this matter.

3

Pl.'s Mem. Supp. Class Cert. (Docket No. 50) at 2.

Thus, the Court must decide whether to certify a class and, if so, which class to certify.  The Court has the discretion to certify a class or not, and this discretion extends to defining the scope of the class.  See Cent. Wesleyan College v. W.R. Grace Co., 6 F.3d 177, 185 (4th Cir. 1993); Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 317 (4th Cir. 2006); Wu v. MAMSI Life & Health Ins. Co., 256 F.R.D. 158, 162 (D. Md. 2008); Meyer v. Citizens & Southern Nat. Bank., 106 F.R.D. 356, 360 (M.D. Ga. 1985); In re Monumental Life Ins. Co., 365 F.3d 408, 414 n.7 (5th Cir. 2004), cert. denied, 125 S. Ct. 277 (2004).

The related motion for leave to file an amended complaint filed by Fariasantos would amend the class definition to a class of Henrico County residents rather than a statewide class.

**Federal Rule of Civil Procedure 23's Requirements**

To satisfy Federal Rule of Civil Procedure 23(a), the Court must find that the class it certifies complies with four prerequisites - numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).  The class members also must be ascertainable and identifiable.  Rule 23 was amended in 2003 to require that "[a]n order that certifies a class action must define the class and the class claims, issues, or defenses." Fed. R. Civ. P. 23(c)(1)(B)(emphasis added).  See

4

also Wm. Moore et al., 5 <u>Moore's Federal Practice</u> § 23.21[1] (3d ed.) ("A class action is possible only when the class definition provides a court with tangible and practicable standards for determining who is and who is not a member of the class."). "For a class to be sufficiently defined, the court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria." Moore, <u>supra</u>, § 23.21[3][a].

In addition, "the class action must fall within one of the three categories enumerated in Rule 23(b)." <u>Gunnells v. Healthplan Servs., Inc.</u>, 348 F.3d 417, 424 (4th Cir. 2003). Here, both parties seek certification pursuant to Federal Rule of Civil Procedure 23(b)(3). Rule 23(b)(3) requires that: (1) common questions of law or fact predominate over any questions affecting only individual class members; and (2) proceeding as a class must be superior to other available methods of litigation. Fed. R. Civ. P. 23(b)(3). The Court has an independent obligation to perform a "rigorous analysis" to ensure that all of the prerequisites of Rule 23 are met. <u>EQT Production Co. v. Adair</u>, 764 F.3d 347, 358 (4th Cir. 2014)(citing <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541, 2551 (2011)).

The parties agree and the Court concurs that the putative class members in both proposed classes are ascertainable and

identifiable.   In fact, those who received the FDCPA form letter at issue have already been identified.   A county-wide class would include 83 consumers in Henrico County, Virginia.   A statewide class would include 2,332 consumers throughout Virginia.

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  No specific number of claimants is required.   See, e.g., Brady v. Thurston Motor Lines, 726 F.2d 136, 146 (4th Cir. 1984)(certifying a class of 74); Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967)(certifying a class of 18). Both proposed classes satisfy the numerosity requirement.

Rule 23(a)(2) requires commonality, that each class member's claim "depend[s] upon a common contention" that "is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  Dukes, 131 S. Ct. at 2551.   The parties agree that the commonality requirement is satisfied.   This Court and others have held that commonality is met in cases involving the receipt of identical debt-collection letters.   See Bicking v. Mitchell Rubenstein & Assocs., P.C., No. 3:11cv78, 2011 WL 5325674, at *2 (E.D. Va. Nov. 3, 2011); Talbott v. GC Servs. Ltd. Pshp., 191 F.R.D. 99,

103 (W.D. Va. 2000). Both proposed classes satisfy the commonality requirement.

Rule 23(a)(3) requires that the named plaintiff's claims are typical of the class members. "[T]he appropriate analysis of typicality must involve a comparison of the plaintiffs' claims or defense with those of the absent class members." Dieter v. Microsoft Corp., 436 F.3d 461, 466 (4th Cir. 2006). The parties agree that the typicality requirement is satisfied. Fariasantos' claims and the class members' claims are identical. All class members were sent FDCPA form letters that contained the identical language at issue herein. There is nothing unique about Fariasantos' claims. Both proposed classes satisfy the typicality requirement.

The fourth requirement of Rule 23(a), adequacy of representation pursuant to Fed. R. Civ. P. 23(a)(4), is also satisfied as to both classes. The Court rejects Fariasantos' argument that he may be an unwilling representative of the statewide class. The Class Action Complaint that counsel filed on behalf of Fariasantos and a proposed statewide class demonstrates that there is adequacy of representation because: (1) Fariasantos' counsel is well-qualified to prosecute the case in favor of either class; and (2) Fariasantos has no interests

that are antagonistic to the interests of the class members of
either class.

The parties agree that Rule 23(b)(3)'s predominance
requirement is satisfied as to both classes and, again, the
Court concurs. "The predominance inquiry 'tests whether
proposed classes are sufficiently cohesive to warrant
adjudication by representation.'" Bicking, 2011 WL 5325674, at
*3 (quoting Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623
(1997)). As in Bicking, "[e]ach class member's potential claim
turns on the single question of whether [the letter] violated
the FDCPA. That shared issue clearly predominates over potential
peripheral matters, making collective resolution sensible in
this case." Id. Questions of law and fact common to the class
predominate over any questions affecting only individual
members. All class members were sent the same FDCPA form
letters by Rosenberg, and no individualized proof is needed to
establish the claims of Fariasantos or the other class members.
The predominance requirement is satisfied as to both classes.

The final requirement is whether, in this case, "a class
action is superior to other methods for fairly and efficiently
adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). As in
Bicking, "class litigation provides a superior means of
adjudicating the claims presented here, as the minimal recovery

available to most litigants under the FDCPA gives little incentive for class members to pursue their claims individually." 2011 WL 5325674, at *4. Small recoveries do not preclude class certification, particularly in FDCPA cases. Id. In some FDCPA cases, the class members receive no payment and the only award is distributed cy pres. See, e.g., Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 2006 WL 3681138 (E.D.N.Y. 2006)(approving a $15,000 cy pres payment to the local legal aid society). A class action will be a far more efficient means of adjudicating this controversy, rather than many individual prosecutions, even assuming that consumers would have the incentive, time, and knowledge to pursue their claims individually. Many would not, and their claims would be unprosecuted.[1]

The factors to be considered in determining the superiority of a class action are: (1) the interest in controlling individual prosecutions; (2) the existence of other related litigation; (3) the desirability of concentrating the litigation in the forum; and (4) manageability. Fed. R. Civ. P. 23(b)(3). Here, those who wish to opt out and pursue individual prosecutions may do so. Currently, there is no other litigation

---

[1] In addition, the statute of limitations may run before the potential plaintiffs understand that they may have a claim and how to pursue it.

pending that arises from the identical form letters, and the letters have since been revised. Since the members of both potential classes are Virginia residents, this forum is appropriate. Finally, both classes are manageable. Undoubtedly, the statewide class would satisfy the superiority requirement. But whether a Henrico County class would satisfy this final requirement will be addressed in the next section.

Given the Court's findings with regard to Rule 23's requirements, this matter will proceed as a class action.

**Which Class Should Be Certified?**

Rosenberg asks that the Court grant its motion for class certification and certify the original statewide class "on the issues of both Rosenberg's liability and damages available to the class and impose a statutory damages cap of one percent (1%) of Rosenberg's net worth pursuant to 15 U.S.C. § 1692k(a)(2)(B)."[2] Def.'s Mem. Supp. Class Cert. (Docket Nos. 38 &

---

[2] In a class action, the FDCPA provides for a maximum recovery of statutory damages of up to $1,000 to each named plaintiff and limits the recovery available to the class "not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B). Rosenberg has provided, under seal, its purported net worth, from which the parties have calculated the limited statutory damages. The recovery, per class member, would be much less if there are 2,332 class members rather than 83 class members.

43) at 1. Fariasantos opposes Rosenberg's motion and asks the Court to grant his motion to certify the Henrico County class.

According to Fariasantos, "the only material issue presented by [his motion for class certification] is whether or not this smaller class meets Rule 23's numerosity requirement." Pl.'s Mem. Supp. Class Cert. (Docket No. 50) at 2. But, as noted previously herein, the Court finds that both classes meet Rule 23's numerosity requirement.

In response to Rosenberg's motion for class certification, Fariasantos "agree[s] that all of the requirements of class certification are met for the class defined in Plaintiff's original complaint," but he also takes the position that Rosenberg cannot establish adequacy of representation for the statewide class it seeks because it cannot compel an unwilling representative. Pl.'s Mem. Opp'n (Docket No. 55) at 2, 4-6. The Court has rejected this argument and is confident that Fariasantos and his counsel satisfy this requirement for both classes.

Rosenberg argues that the class of Henrico County residents "is not a superior method of adjudicating Plaintiff's claims, particularly as compared to a Virginia Class." Def.'s Opp'n to Pl.'s M. Class Cert. (Docket Nos. 54 & 57) at 11. The Court has determined that the statewide class satisfies the superiority

requirement, but must now consider whether the county-wide class does so. The superiority requirement requires the Court to determine whether the "class action is superior to other methods for fairly and efficiently adjudicating the controversy."

Plaintiff's arguments in support of the narrower Henrico County class include that such a class would include "uniformly treated consumers," that the "foreclosures threatened for each such class member would have been handled in an identical manner, using the same third party collection subcontractor to sign deeds and process foreclosure sales," and that "[t]he timing of the advertisements for the sales would have been uniform." Pl.'s Mem. Supp. Class Cert. (Docket No. 50) at 17. Fariasantos also argues that the class members would be close to each other geographically, and that the limited fund would be "more effective and fair" if divided among a smaller group. Id.

Rosenberg disputes plaintiff's arguments. It contends that, even if plaintiff's arguments for limiting the class to Henrico residents, such as how the foreclosures were handled, are true, they are irrelevant because this action has nothing to do with how the foreclosures were conducted. Instead, this action is based solely on the violations in the FDCPA form letters that Rosenberg sent to all members of the Virginia class. Nothing about the disclosures is tailored to consumers who live in

Henrico County.  Def.'s Opp'n (Docket Nos. 54 & 57) at 8-9.  One court, rejecting certification of a class with addresses in Hennepin County, Minnesota, observed that "it would be as logical to limit the class to [] consumers whose lasts names start with "R" or to [] consumers who own cats." Wenig v. Messerli & Kramer, P.A., Case No. 11CV3547, 2013 WL 1176062, at *5 (D. Minn. Mar. 21, 2013).

Plaintiff points out that there are decisions that permit classes to be limited to specific geographic areas.  See, e.g., Borcherding-Dittloff v. Transworld Systems, Inc., 185 F.R.D. 558 (W.D. Wis. 1999)(granting certification of a statewide rather than a nationwide class in FDCPA action); Diaz v. Residential Credit Solutions, Inc., 297 F.R.D. 42 (E.D.N.Y. 2014)(same). And the Court would consider a county-wide class if there were sound reasons for doing so.  But most of the cases on which plaintiff relies address the issue of whether the FDCPA authorizes statewide, as opposed to, nationwide, class actions, and those cases do not support the argument that a county-wide class, as opposed to a statewide class, is a superior method of adjudication here.

If the Court certifies Fariasantos' proposed Henrico County class, then the 2,000-plus individuals who received the FDCPA form letter from Rosenberg but who do not reside in Henrico

13

County would have to bring individual lawsuits or other county-by-county actions, or their claims would go unprosecuted. Such a result would be counter to one of the main purposes of class actions - avoiding multiple lawsuits. Campos v. Western Dental Services, Inc., 404 F. Supp. 2d 1164, 1172 (N.D. Ca. 2005)(citing Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983)).

Fariasantos opposes Rosenberg's motion for class certification at least in part because, he contends, Rosenberg is trying to insulate itself "from greater exposure and the forced payment of damages to as large a group of consumers as possible." Pl.'s Opp'n (Docket No. 55) at 1. As noted previously, in a class action, the FDCPA provides for a maximum recovery of statutory damages of up to $1,000 to each named plaintiff and limits the recovery available to the class "not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B). Rosenberg contends that plaintiff's counsel wants to limit this action to Henrico County residents and thereafter bring a class action like this one in other counties in the Commonwealth of Virginia in order to increase the attorneys' fees and obtain a larger recovery per plaintiff. This would, thus, subject Rosenberg to liability for 1% of its net worth, over and over again for the

same infirmities in the FDCPA form letter sent to the entire Virginia class. Def.'s Opp'n (Docket Nos. 54 & 57), at 1. Essentially, Rosenberg's argument is that "serial class actions aimed at avoiding the statutory damages cap are not a superior method of adjudication under Rule 23(b)(3)." Id. at 5.

Although Fariasantos contends that the "net worth" argument is not relevant to these motions, he also argues that a capped fund of money divided among 83 Henrico County consumers will be more fair than dividing that same fund among 2,332 consumers. He also contends that since Rosenberg claims to have corrected its letters after this case was filed about a year ago and the FDCPA has a one-year statute of limitations, then it is not likely that plaintiff's counsel can bring other county-by-county actions.

The Court does not believe that plaintiff's counsel intends to bring additional county-by-county actions. He stated at the hearing, as an officer of the Court, that neither he nor his partners have lined up plaintiffs for other county-wide class actions against Rosenberg based on this FDCPA form letter. But, notwithstanding plaintiff's arguments regarding why a county-wide action is superior, the Court disagrees with that position. If the Court certified a Henrico County class, it would increase the possibility of multiple lawsuits. And, if there were not

multiple lawsuits, then the claims of most Virginians would go unprosecuted. Neither of those results is desirable. A Henrico County class is not superior to other means of adjudication and, therefore, Fariasantos' motion for class certification will be denied. See Campos, 404 F. Supp. 2d at 1173.

There are no material differences between the Henrico County claims and those from other counties. Dividing the Virginia class based on geography is not supported by any facts or case law. A Virginia class is a manageable number of class members, and it would reduce the number of cases, preserve judicial resources, and adjudicate the claims of all Virginia residents who received the same letter. And, that class is what plaintiff sought in the beginning. Clearly, a statewide class action is superior to many individual suits. Rosenberg's motion for class certification will be granted.

**Plaintiff's Motion for Leave to File His First Amended Complaint**

Citing Fed. R. Civ. P. 15(a), Fariasantos moves for leave to file an amended complaint in order to conform with his motion for class certification and a Henrico County class. The Rule requires that "leave shall be freely given when justice so requires." The Supreme Court listed the factors that should be considered.

16

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). "While Foman's enumeration of factors cannot be thought exclusive, they do embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). The Fourth Circuit continues: "Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." Id.

Having determined that the Henrico County class fails to meet Rule 23(b)(3)'s superiority requirement, the Court will deny the motion for leave to file the amended complaint as futile.

CONCLUSION

For the reasons set forth above, DEFENDANT ROSENBERG & ASSOCIATES, LLC'S MOTION FOR CLASS CERTIFICATION (Docket No. 37)

is granted, PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (Docket
No. 49) is denied, and PLAINTIFF'S MOTION FOR LEAVE TO FILE HIS
FIRST AMENDED COMPLAINT (Docket No. 44) is denied.

It is so ORDERED.


_____ /s/   _RES_

Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date:   October 27, 2014